UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARHAD ARSHAD,<br><br>           Plaintiff,<br><br>  -vs-<br><br>COLUMBIA BASIN COLLEGE, LEE THORNTON and JANE DOE THORNTON, husband and wife, RICH CUMMINS and MEG WOODS, husband and wife, DEBORAH MEADOWS and JOHN DOE MEADOWS, wife and husband, CAROL WALKER and JOHN DOE WALKER, wife and husband, JERRY DELICH and JANE DOE DELICH, husband and wife,<br><br>           Defendants. | NO. CV-05-5019-LRS<br><br>ORDER GRANTING DEFENDANT COLUMBIA BASIN COLLEGE'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Columbia Basin College's Motion for Summary Judgment (Ct. Rec. 39) filed on April 19, 2006 and noted for hearing without oral argument on May 22, 2006. Columbia Basin College requests the Court to dismiss Plaintiff Arshad's claims against it and dismiss Columbia Basin College as a party from this suit pursuant to the Eleventh Amendment of the United States Constitution.

**DISCUSSION**

On February 11, 2005, the Plaintiff filed suit in federal court alleging violations of "Washington's Law Against Discrimination, RCW 49.60 et. seq.; race discrimination, hostile work environment; unlawful

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

retaliation, intentional infliction of emotional distress" and "42 U.S.C. §1981 and 42 U.S.C. §1983." Ct. Rec. 1, at 5.

Defendant Columbia Basin College is an agency of the State of Washington. In its answer, Defendant Columbia Basin College raised the Eleventh Amendment immunity defense. Ct. Rec. 4, at 7. Citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996), Defendant argues that the Eleventh Amendment prohibits Plaintiff from bringing suit against a State in federal court, except in the case of a recognized exception. Defendant stresses the rationale supporting the Eleventh Amendment is that States are a sovereign entity and as such, must consent to being sued. *Id.* Additionally, citing *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 200-01 (9th Cir.1989), Defendant points out that the Ninth Circuit has determined that the Eleventh Amendment bars 42 U.S.C. §§1981 and 1983 claims against state agencies.

Plaintiff responds in opposition to Defendant's motion that the Eleventh Amendment immunity does not apply if a state has consented to suit. Ct. Rec. 43, at 2. Plaintiff claims a state may waive its sovereign immunity and consent to suit under section 1983. Plaintiff asserts Washington State has done so, citing RCW 4.92.090 and RCW 4.92.130. Plaintiff further suggests that Washington completely abrogated sovereign immunity some time ago.

The undisputed facts indicate that Defendant Columbia Basin College is a community college district created by state statute, RCW 28B.50.040. The Eleventh Amendment bars private parties from suing states in federal court, see *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817, as amended,271 F.3d 910 (9th Cir.2001); *Hans v. Louisiana*, 134 U.S. 1, 15,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

10 S.Ct. 504, 33 L.Ed. 842 (1890); *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). There are only three exceptions to this general rule. First, a state may waive its Eleventh Amendment defense. *Clark v. Barnard*, 108 U.S. 436, 447-48, 2 S.Ct. 878, 27 L.Ed. 780 (1883). Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 80, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks ... prospective injunctive relief." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

The Court finds Defendant Columbia Basin College, as a state agency, is immune from this §1981 and §1983 damage suit in federal court brought by Plaintiff, a private citizen. See *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (states are immune from § 1983 damage suits in federal court under the eleventh amendment); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (section 1983 does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivation of civil liberties). " '[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires the payment of funds from the state treasury.' " *Wheaton v. Webb-Petett*, 931 F.2d 613m, 619 (9th Cir.1991) (quoting Edelman v. Jordan, 415 U.S. 651, 677 (1974); *see also Blaylock v. Schwinden*, 862 F.2d 1352, 1353-54 (9th Cir.1988).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1  It does not appear the state of Washington has waived its Eleventh Amendment immunity or consented to being sued in federal court, and Plaintiff seeks a retroactive award against Columbia Basin College. Accordingly, the Eleventh Amendment bars the instant suit. *See Seminole Tribe*, 517 U.S. at 53-54.  The Court concludes it lacks subject matter jurisdiction to hear Plaintiff's claims against Defendant Columbia Basin College.

**IT IS ORDERED**:

1. Defendant Columbia Basin College's Motion for Summary Judgment (Ct. Rec. 39) filed on April 19, 2006 is **GRANTED**.  Plaintiff's claims against Defendant Columbia Basin College brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983 and related provisions of federal law are **DISMISSED with prejudice.**  All state claims against Defendant Columbia Basin College are **DISMISSED without prejudice.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and shall forward copies to counsel.  The Clerk shall enter judgment consistent with this order.

DATED this 25th of May, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4